FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 01, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTT M.,[1] <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Commissioner of Social Security, <br><br> Defendant. | No. 4:18-CV-5005-EFS <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING** <br><br> **CLERK'S OFFICE ACTION REQUIRED** |

Before the Court, without oral argument, are cross-summary-judgment motions, ECF Nos. 15 & 19. Plaintiff Scott M. appeals the Administrative Law Judge's (ALJ) denial of benefits.[2] Plaintiff contends the ALJ: (1) erred in rejecting the U.S. Department of Veteran Affairs' (VA) finding that Plaintiff was disabled; (2) improperly rejected the opinions of Plaintiff's medical care providers; (3) improperly rejected Plaintiff's impairments at step two; (4) improperly rejected lay witness testimony; (5) improperly rejected Plaintiff's subjective complaints; and

---

[1] To protect the privacy of social-security plaintiffs, the Court refers to them by first name and last initial. *See* LCivR 5.2(c). When quoting the Administrative Record in this order, the Court will substitute "Plaintiff" for any other identifier that was used.
[2] ECF No. 1.

ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION - 1

(6) conducted an improper step five analysis.[3] The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision. After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court finds that the ALJ failed to provide persuasive, specific, valid reasons, supported by substantial evidence to reject the VA's disability determination. Further, the Court cannot find that this was a harmless error. Accordingly, the Court grant's Plaintiff's Motion for Summary Judgment, denies the Commissioner's Motion for Summary Judgment, and remands for further proceedings.

## I. <u>Standard of Review</u>

On review, the Court must uphold the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.[4] "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[5] The Court will also uphold "such inferences and conclusions as the [ALJ] may reasonably draw from the evidence."[6]

In reviewing a denial of benefits, the Court considers the record as a whole, not just the evidence supporting the ALJ's decision.[7] That said, the Court may not

---

[3] ECF No. 15 at 5.
[4] *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)); *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987).
[5] *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (citations and internal quotation marks omitted).
[6] *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).
[7] *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

substitute its judgment for that of the Commissioner. If the evidence supports more than one rational interpretation, a reviewing court must uphold the ALJ's decision.[8] Further, the Court "may not reverse an ALJ's decision on account of an error that is harmless."[9] An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination,"[10] and where the reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."[11]

## II. <u>Facts, Procedural History, and the ALJ's Findings</u>[12]

Plaintiff Scott M. is 57 years old and lives in West Richland, Washington. Plaintiff filed an application for social security disability, dated September 1, 2013, alleging a disability onset date of May 18, 2012.[13] Plaintiff's claim was initially denied, and upon reconsideration, Plaintiff requested a hearing before an ALJ on July 24, 2014, which was held on March 22, 2016.[14] On June 27, 2016, the ALJ, Tom L. Morris, rendered a decision denying Plaintiff's claim.[15]

At step one,[16] the ALJ found Plaintiff had not engaged in substantial gainful activity since May 18, 2012, the alleged onset date.[17]

---

[8] *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).
[9] *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).
[10] *Id.* at 1115 (quotations and citation omitted).
[11] *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citation omitted).
[12] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.
[13] AR 22.
[14] *Id.*
[15] AR 37.
[16] The applicable five-step disability determination process is set forth in the ALJ's decision, AR 20–21, and the Court presumes the parties are well acquainted with that standard process. As such, the Court does not restate the five-step process in this order.
[17] AR 24.

At step two, the ALJ found Plaintiff had the following severe medical impairments: disorders of the gastrointestinal system/gastroesophageal reflux disorder (GERD); obesity; essential hyperextension; disorders [of] the muscles, ligaments, and fascia; affective disorder; and anxiety disorder.[18]

At step three, the ALJ found that Plaintiff did not have an impairment that met the severity of a listed impairment.[19]

At step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work.[20] He found that Plaintiff can occasionally lift and/or carry 20 pounds and can frequently lift and/or carry 10 pounds.[21] He can also stand and/or walk with normal breaks for a total of about six hours in an eight-hour workday, and can sit with normal breaks for the same.[22] He would need to periodically alternate standing with sitting, and can frequently climb ramps and stairs.[23] He could also occasionally climb ladders, ropes, and scaffolds, as well as stoop, kneel, crouch, and crawl.[24] The ALJ noted that he should avoid concentrated exposure to extreme cold, vibration, and hazards such as dangerous machinery and unprotected heights.[25]

The ALJ also found that Plaintiff is capable of unskilled, simple work tasks and well-learned detailed tasks with customary breaks and lunch.[26] He can have

---

[18] *Id.*
[19] *Id.*
[20] AR 26.
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] AR 26.
[26] AR 27.

superficial interaction with coworkers, and there can be occasional material changes to the work environment.[27] The ALJ noted he may be off task about ten percent over the course of an eight-hour workday.[28]

In reaching these conclusions, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms.[29] However, the ALJ stated Plaintiff's statements regarding the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the evidence presented in the record.[30]

When determining Plaintiff's RFC, the ALJ gave great weight to Dr. Olegario Ignacio, who provided a Disability Determination Explanation, as well as the DDS opinions of Dr. Leslie Postovoit and Dr. Patricia Kraft.[31] He assigned little weight to the report from Deloros Conrad, LICSW, and partial weight to the opinion of Plaintiff's mother.[32] Finally, the ALJ assigned little to no weight to the VA's disability determination.[33]

At step five, the ALJ found Plaintiff was not able to perform any past relevant work, including his experience as a procurement clerk and school bus driver.[34] However, given his age, education, work experience, and RFC, the ALJ found that there exist significant numbers of jobs that Plaintiff may perform.[35]

---

[27] *Id.*
[28] *Id.*
[29] AR 28.
[30] *Id.*
[31] AR 32–33.
[32] AR 33–34.
[33] AR 34–35.
[34] AR 35.
[35] AR 36.

The ALJ issued its decision to deny Plaintiff benefits on June 27, 2016.[36] The Appeals Council denied Plaintiff's request for review,[37] making the ALJ's decision the Commissioner's final decision for the purposes of judicial review.[38] Plaintiff filed this lawsuit on January 5, 2018.[39]

### III. Applicable Law & Analysis

**A. The ALJ did not provide persuasive, specific, and valid reasons to discount the VA's disability determination.**

Plaintiff argues that the ALJ erred in assigning "little to no weight" to the VA's determination that Plaintiff was 100% disabled, and that the ALJ failed to cite persuasive and specific reasons to discount the determination.[40] He states that the VA's finding was supported "by several hundred pages of medical records."[41] Defendant argues that the ALJ's reasons were specific, valid, and supported by the record because he stated differences between VA and SSA disability determinations.[42]

The VA's disability determination is not binding on an ALJ.[43] However, an ALJ must "ordinarily give great weight to a VA determination of disability."[44] [45] The

---

[36] AR 37.
[37] AR 1–3.
[38] *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.
[39] ECF No. 1.
[40] ECF No. 15 at 8–9.
[41] *Id.*
[42] ECF 19 at 15–18.
[43] 20 C.F.R. § 404.1504.
[44] *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).
[45] The Court notes that 20 C.F.R. § 404.1504 has been amended in March, 2017 to read as follows: "[I]n claims filed . . . on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency . . . about whether you are disabled . . . or entitled to benefits. However, we will consider all of the supporting evidence underlying the other governmental agency . . . decision that we receive as evidence in

ALJ may assign less weight to the determination if he gives "persuasive, specific, valid reasons for doing so that are supported by the record."[46] An ALJ's rejection of a VA disability rating "on the general ground that the VA and SSA disability inquiries are different" is not a valid reason.[47]

On July 1, 2014, the VA issued a disability determination of 100% from October 23, 2013 onward.[48] The ALJ discounted this determination, and after reciting several differences between the VA and SSA disability determinations, gave only the following explanation:

> Although they provided a basis for their determination, the VA did not provide an individualized assessment that focuses on a claimant's ability to perform work in the national economy. Thus, I assign these numeric ratings little to no weight.[49]

This Court has previously found nearly identical language to be "little more than generalized critiques," and insufficient to show persuasive, valid reasons for refusing to afford great weight to the determination.[50] Instead, this comparison merely and impermissibly distinguishes the VA determination from the SSA.[51]

---

your claim . . ." *See also* 20 C.F.R. § 416.904. However, because Plaintiff's claim was filed prior to March 27, 2017, the ALJ was required to follow applicable regulations and precedent as stated.

[46] *McCartey*, 298 F.3d at 1076.
[47] *Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009).
[48] AR 709.
[49] AR 35. The Court additionally notes that the ALJ did consider the VA medical records accompanying the disability determination. *Id.*
[50] *See Parker v. Comm'r of Social Sec. Admin.*, No. 2:16-cv-0087-SMJ, 2017 WL 4158617 at *7–8 (E.D. Wash. Sep. 19, 2017).
[51] *Valentine*, 574 F.3d at 695.

The Court cannot conclude that this error is harmless, therefore the Court remands for additional proceedings.[52] The VA determination may have been an important factor in determining Plaintiff's RFC, therefore further administrative proceedings are required to fully develop the record.[53] Because the Court cannot say with certainty that no reasonable ALJ could reach a different conclusion if this evidence were considered,[54] the Court instructs the ALJ to reconsider the VA disability determination on remand.

### B. The ALJ must evaluate Plaintiff's subjective symptom statements and medical and non-medical providers on remand.

The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of medical evidence, as well as the opinions of medical and non-medical sources.[55] Therefore, in light of a remand for the ALJ to address the VA disability determination, the ALJ should conduct a new assessment of Plaintiff's subjective symptom statements and of the opinions of Plaintiff's medical or non-medical sources when determining Plaintiff's RFC. The Court therefore declines to rule on the remaining issues Plaintiff raises at this time.

### IV. Conclusion

The ALJ improperly discounted the VA's disability determination. Thus, for the reasons discussed above, the Court reverses the ALJ's decision and remands for

---

[52] *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099–1102 (9th Cir. 2014) (absent rare circumstances, remand for additional proceedings is appropriate in the instance of harmful error).
[53] *See id.* at 1101 (where "not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate") (citations omitted).
[54] *See Marsh*, 792 F.3d at 1173.
[55] 20 C.F.R. § 404.1529(c).

the ALJ to reconsider the VA disability determination and conduct any additional proceedings, including further development of the record, as he sees fit.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED.**
2. The Commissioner's Motion for Summary Judgment, **ECF No. 19**, is **DENIED.**
3. This case is **REMANDED** to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this Order.
4. **JUDGMENT** is to be entered in the Plaintiff's favor.
5. The case shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this __1st__ day of March 2019.

                         s/Edward F. Shea
                         EDWARD F. SHEA
                  Senior United States District Judge